UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C JOHNSON<br>Plaintiff,<br>v.<br>RESURGENT CAPITAL SERVICES LP..,<br>EXPERIAN INFORMATION SOLUTIONS<br>Defendants. | CASE NO. 3:23-cv-05394-BHS<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes  ☐ No |

## INTRODUCTION

1. This is a civil action for actual, statutory damages and cost brought by Christopher C. Johnson, ("Plaintiff") an individual consumer, against defendant, Resurgent Capital Services LP., and Experian Information Solutions for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), 15 U.S.C. § 1692k(d) and 28 U. S. C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendant Resurgent Capital Services LP. and Experian Information Solutions transact business in Puyallup, Pierce County, Washington.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff, Christopher C. Johnson is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in Puyallup, Washington.

COMPLAINT FOR A CIVIL CASE - 1

5. Upon information and belief, Defendant Resurgent Capital Services LP. is a South Carolina corporation with its principal place of business located at 55 Beattie PL#110, Greenville, SC 29601.

6. Defendant Resurgent Capital Services LP. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, Experian Information Solutions. is a California corporation with its principal place of business located at 475 Anton Blvd, Mesa, CA. 92626..

8. Defendant Experian Information Solutions is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

9. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

10. On or about April 07, 2023, Plaintiff reviewed his Experian consumer report.

11. In the report the Plaintiff observed an unauthorized inquiry from the Defendant Resurgent Capital Services LP..

12. Defendant Resurgent Capital Services LP. unlawfully obtained the Plaintiffs Experian consumer report without permissible purpose on 6/15/2022. See Exhibit A.

13. Defendant Experian Information Solutions unlawfully furnished Plaintiffs consumer report to Defendant Resurgent Capital Services LP on 6/15/2022.

14. Defendant Experian Information Solutions did not use reasonable procedures to certify that the user, Resurgent Capital Services LP. had permissible purpose pursuant to the Fair Credit Reporting Act.

15. Plaintiff never initiated a consumer credit transaction with Defendant nor had an account with the defendant.

16. At the time of the inquiry the defendant did not allegedly own an alleged account with Plaintiff.

17. Plaintiff never entered a contract with the Defendant.

18. Plaintiff has the interest and right to be free from deceptive, misleading collection efforts.

COMPLAINT FOR A CIVIL CASE - 2

19. Plaintiffs have the interest and right to privacy from individuals including Defendants of unauthorized access and furnishing of personal identifiable information.

20. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

21. Plaintiff's injury is directly traceable to Defendant's conduct because if it wasn't for the Defendant's conduct, Plaintiff would not have been deprived of his rights.

22. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from defendants conduct.

23. Plaintiff justifiably fears that, absent this Court's intervention, defendant Resurgent Capital Services LP. will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts.

24. Plaintiff justifiably fears that, absent this Court's intervention, defendant Experian Information Solutions will continue to fail to certify users and ensure reports will be used for the purposes listed in section 1681b of the Fair Credit Reporting Act.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant Resurgent Capital Services LP. will continue to access consumer reports without permissible purpose which is a violation of the Fair Credit Reporting act and an invasion of privacy.

26. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

27. A favorable decision herein would redress Plaintiff's injury with money damages.

28. A favorable decision herein would serve to deter Defendants from further similar conduct.

### COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C § 1681b(f) Defendant Resurgent Capital Services LP.

29. All preceding paragraphs are realleged.

30. Defendant Resurgent Capital Services LP. actions violated 15 U.S.C § 1681b(f). Permissible Purpose.

31. The Defendant violations include but are not limited to the following:

(a) Resurgent Capital Services LP. violated 15 U.S.C § 1681b(f) by failing to have permissible purpose to obtain Plaintiff consumer report pursuant to 15 U.S.C § 1681b;

COMPLAINT FOR A CIVIL CASE - 3

(b) Resurgent Capital Services LP. did not have a court order to obtain Plaintiff consumer report.

(c) Plaintiff never gave written permission for Resurgent Capital Services LP. to obtain his consumer report.

(d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C § 1693a (2), with the Resurgent Capital Services LP..

(e) Pursuant to the Electronic Funds Transfer Act 15 U.S.C § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) [1] of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

(f) Resurgent Capital Services LP. does not have an account according to the definition above with defendant at the time and date of inquiry and defendant has failed to prove an account exists or they own or have an account with the Plaintiff..

32. As a result of Resurgent Capital Services LP. violations of the Fair Credit Reporting Act, the Defendant is liable for actual and statutory damages and cost.

### COUNT II VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681e(a) Defendant Experian Information Solutions.

33. All preceding paragraphs are realleged.

34. Defendant Experian Information Solutions actions violated 15 U.S.C § 1681e(a) which required every consumer reporting agency to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. "These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report."

35. Defendant Experian failed to properly certify that defendant Resurgent Capital Services LP. had permissible purpose.

36. Defendant Experian failed to require the Defendant Resurgent Capital Services LP to certify the purpose for which the Plaintiffs credit information was sought and certify that it will not be used for no other purpose.

COMPLAINT FOR A CIVIL CASE - 4

37. Defendant Experian failed to identify Defendant Resurgent Capital Services LP. and certify the uses of Plaintiffs consumer report prior to furnishing Plaintiffs consumer report.

38. As a result of the Defendant Experian Information Solutions violations of the Fair Credit Reporting Act, 15 U.S.C § 1681e(a) the Defendant is liable for actual and statutory damages and cost.

### JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

(a) Violating the Fair Credit Reporting act;
(b) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);
(c) Statutory damages of $1000 pursuant to 15 U.S.C. § 1681n(a)(1)(B);
(d) Court cost Pursuant to 15 U.S.C § 1681n(a)(2)
(e) For such other and further relief as the court may deem just and proper.

### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 4-30-2023

Signature: *Christopher C. J.*
Christopher C. Johnson
5613 121st Street Court E #1
Puyallup, WA 98373
206-331-2202
cejay80@gmail.com
4-30-2023

COMPLAINT FOR A CIVIL CASE - 5

Exhibit A

| | | | |
|---|---|---|---|
| 200 SMITH RANCH RD, SAN RAFAEL CA 94903 (800) 319-4433 | 08/26/2022, 08/24/2022, 08/13/2022, 08/12/2022, 08/09/2022, 07/27/2022, 07/26/2022, 07/23/2022, 07/14/2022, 07/13/2022, 07/12/2022, 07/08/2022, 06/24/2022, 06/22/2022, 06/14/2022, 06/13/2022, 06/12/2022, 06/09/2022, 05/25/2022, 05/17/2022, 05/14/2022, 05/12/2022, 05/11/2022, 04/27/2022, 04/14/2022, 04/12/2022 and 04/11/2022<br><br>10713 S JORDAN GTWY STE 100, SOUTH JORDAN UT 84095 (855) 226-8388 | | |

| **ONEMAIN** | **RESURGENT CAPITAL SERVIC** | **TRANSUNION INTERACTIVE I** | **TRUELINK** |
|---|---|---|---|
| Inquired on 04/11/2022<br><br>PO BOX 1010, EVANSVILLE IN 47706<br>(844) 298-9773 | Inquired on 06/15/2022<br><br>PO BOX 10497, GREENVILLE SC 29603<br>(866) 464-1183 | Inquired on 03/26/2023, 02/27/2023, 02/20/2023, 11/20/2022 and 10/10/2022 | Inquired on 06/14/2022, 06/13/2022, 06/12/2022, 06/09/2022, 05/25/2022, 05/17/2022, 05/14/2022, |