UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER C. JOHNSON., <br><br> Plaintiff, <br><br> vs. <br><br> RESURGENT CAPITAL SERVICES, L.P.; EXPERIAN INFORMATION SOLUTIONS, <br><br> Defendant. | Case No.: 3:23-CV-05394-BHS <br><br> **MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES LP AFFIRMATIVE DEFENSES** |

COMES NOW the Plaintiff, Christopher C. Johnson pro se, and respectfully moves this Court pursuant to F.R.C.P. 12(f), to strike Defendant Resurgent Capital Services LP Affirmative Defenses, as follows on the grounds that they are insufficient as they fail to state legal defenses:

1. As to the first affirmative defense, The Defendant has asserted that the Plaintiff lacks standing because the Plaintiff did not suffer actual harm. However, the Plaintiff contends that he has suffered actual harm in the form of a violation of his rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). The FCRA prohibits a person from using or obtaining a consumer report for any purpose not enumerated under the statute. The Defendant, without a permissible purpose, accessed the Plaintiff's consumer report, thereby violating this provision.

The U.S. Supreme Court in 'Spokeo, Inc. v. Robins', 136 S. Ct. 1540 (2016), clarified that a plaintiff must demonstrate an injury in fact, which is a violation of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. In this case, the Plaintiff's legally protected interest under the FCRA is his right to privacy, which is violated when a party accesses his consumer report without a permissible purpose. Therefore, this is a concrete and particularized injury, which provides the Plaintiff withstanding to bring this suit.

2. As to the second affirmative defense, the pendency of a separate state court action does not deprive this Court of jurisdiction. The small claims case referenced is a state claim for defamation, which is a state claim and not a federal question. The action in this complaint is brought upon violations of the Fair Credit Reporting Act, a separate action to which this court has jurisdiction over this federal question.

3. As to the third affirmative defense, whether Plaintiff fails to state a claim upon which relief may be granted is not an affirmative defense, but rather a matter to be addressed through a Motion to Dismiss or Summary Judgment. The Plaintiff contends that he has adequately stated a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). The FCRA prohibits a person from using or obtaining a consumer report for any purpose not enumerated under the statute. The Plaintiff has alleged that the Defendant, a debt collector, accessed his consumer report without a permissible purpose. This is a clear violation of the FCRA and thus provides a basis for relief. Under the FCRA, a consumer whose rights have been violated may recover actual damages sustained as a result of the violation, punitive damages, and attorney's fees and costs (15 U.S.C. § 1681n and § 1681o). The Plaintiff asserts that he has suffered harm due to the Defendant's violation of the FCRA and, as a result, seeks relief under these provisions.

4. As to the fourth affirmative defense, the Defendant has asserted that any harm caused to the Plaintiff was due to a good faith error and that Defendant maintains appropriate procedures to avoid such errors. However, the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681n and § 1681o do allow for a good faith error defense in certain situations. However, to use this defense, the Defendant must show that the violation was not intentional and that it maintained reasonable procedures to avoid the violation. The burden of proof for this affirmative defense rests with the Defendant. Mere assertions without substantiated evidence do not fulfill this burden. Moreover, the Plaintiff has taken steps to resolve this matter outside of court by filing a complaint with the Consumer Financial Protection Bureau (CFPB), a federal agency established to protect consumers in the financial sector. Despite these attempts, the issue remains unresolved, suggesting a failure in the Defendant's procedures to prevent and correct errors.

5. As to the fifth affirmative defense, the Defendant asserts that any alleged damages sustained by the Plaintiff were, at least in part, caused by the Plaintiff's own negligence. However, this claim lacks substantiated evidence and appears to be based on hearsay, which is generally inadmissible under Federal Rule of Evidence 802. Defendant's claim is speculative and fails to provide specific instances of such alleged negligence by the Plaintiff. Furthermore, the Plaintiff took appropriate steps to resolve this matter by filing a complaint with the Consumer Financial Protection Bureau (CFPB), indicating the Plaintiff's proactiveness in seeking resolution, not negligence. The unresolved nature of the issue, despite this attempt, falls upon the Defendant's failure to address the alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f).

6. As to the sixth affirmative defense, The Defendant alleges that the Plaintiff failed to mitigate the damages claimed. However, this claim appears to be speculative and unsubstantiated, failing to specify how exactly the Plaintiff could have mitigated the damages resulting from

Defendant's unauthorized access to the Plaintiff's consumer report. Contrarily, the Plaintiff has shown due diligence by actively seeking resolution through appropriate channels. This includes lodging a complaint with the Consumer Financial Protection Bureau (CFPB), a step that demonstrates the Plaintiff's efforts to mitigate the harm caused by Defendant's alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). The Defendant's assertion seems to be based on hearsay rather than concrete evidence, which is generally not admissible under Federal Rule of Evidence 802. Therefore, the Defendant's claim about the Plaintiff's failure to mitigate damages does not hold substantial merit.

7, 8, and 9. As to the seventh, eighth, and ninth affirmative defenses, the doctrines of estoppel, unclean hands, and waiver are legal conclusions. The Defendant must allege facts to support these conclusions. The Defendant's claims appears to be based on hearsay rather than direct evidence, which is generally not admissible under Federal Rule of Evidence 802.

10. As to the tenth affirmative defense, The Defendant alleges they acted in good faith and with good cause, asserting their conduct was within reasonable expectations and related to their legitimate business interests. However, the unauthorized access of the Plaintiff's consumer report, as alleged in the Complaint, contradicts these assertions. The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), clearly stipulates that no entity may obtain a consumer report unless it is for a permissible purpose. The Defendant's alleged actions, therefore, appear to contravene the law, challenging the claimed 'good faith' and 'legitimate business interests'. Furthermore, the Plaintiff has actively attempted to resolve this issue through appropriate channels by lodging a complaint with the Consumer Financial Protection Bureau (CFPB). This action underscores the seriousness of the Plaintiff's allegations and their attempts at dispute resolution, belying the Defendant's claim of acting within reasonable expectations.

11. As to the eleventh affirmative defense, the Defendant claims that the Complaint does not state facts sufficient to constitute a cause of action against them and that it fails to entitle the Plaintiff to any relief. This assertion is incorrect. The Complaint clearly articulates the Defendant's alleged unauthorized access of the Plaintiff's consumer report, a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), which strictly limits the conditions under which consumer reports may be obtained. The Plaintiff has provided details on when and how this violation occurred, establishing the Defendant's breach of the FCRA. Moreover, the Plaintiff has sought appropriate relief within the scope of the FCRA, including actual damages, punitive damages, and legal costs where applicable, as allowed by 15 U.S.C. § 1681n and § 1681o.

12. As to the twelfth affirmative defense, alleging that damages resulted from the acts or omissions of unnamed third parties fails to provide enough specific facts to support this claim. The Defendant suggests that any damages suffered by the Plaintiff are a result of acts or omissions of third persons over whom the Defendant has no control or responsibility. However, the Defendant's defense does not absolve them from the direct actions alleged in the Complaint, namely, the unauthorized access of the Plaintiff's consumer report, in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). This alleged act is independent of any potential acts or omissions by third parties and directly involves the Defendant's own conduct. Therefore, the involvement of third parties does not negate the Defendant's responsibility for their alleged violation of the FCRA.

13. The Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit them to ascertain what other defenses may exist. However, the Plaintiff disagrees with this claim. The Complaint meticulously sets forth the specifics of the Defendant's alleged unauthorized access to the Plaintiff's consumer report, a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). The Defendant's actions, as

articulated in the Complaint, are explicitly detailed, outlining the when, how, and potential damage caused by the alleged violation. These details provide the Defendant with ample information to understand the nature of the claims against them.

14. The Defendant has requested that they be awarded attorney's fees and costs in this case. However, the general rule in the American legal system, known as the "American Rule," is that each party bears its own attorney's fees and costs, except when specific statutory or contractual authority provides to the contrary. In the present case, the Defendant has not pointed to any such statutory or contractual authority that would allow them to recover the attorney's fees and costs. Therefore, under the American Rule, the Defendant should bear their own attorney's fees and costs.

WHEREFORE, the Defendant respectfully requests this Court to strike the Plaintiff's Affirmative Defenses and request for attorney's fees and cost.

DATED: June 9, 2023

CHRISTOPHER C. JOHNSON   pro se
5613 121st Street Court E #1
Puyallup, WA 98373
206-331-2202