HONORABLE BENJAMIN SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER C. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P.;<br>EXPERIAN INFORMATION SOLUTIONS,<br><br>    Defendants, | Case No. 3:23-CV-05394-BHS<br><br>**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES** |

Defendant Resurgent Capital Services, L.P. ("Resurgent") responds to Plaintiff's Motion to Strike Defendant's Affirmative Defenses as follows:

## I.   INTRODUCTION

Plaintiff filed suit on May 1, 2023. *See* ECF Nos. 1, 1-2. The gist of his Fair Credit Reporting Act ("FCRA") claim in this case is that Plaintiff reviewed his credit report this past April and observed an "unauthorized inquiry" from Resurgent in his credit report, which was "unlawfully obtained … without permissible purpose" in June of 2022. *See* ECF Nos. 1-2, 5 at ¶¶ 11-12.

Resurgent filed its answer on June 8, 2023, asserting thirteen affirmative defenses. *See* ECF No. 11. The following day, Plaintiff filed a motion to strike Resurgent's affirmative defenses and part of its prayer for relief ("Plaintiff's Motion to Strike"). *See* ECF No. 13.

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 1
(Case No. 2:22-cv-00720-LK)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

Plaintiff's Motion to Strike fails on the merits. Resurgent has provided Plaintiff with fair notice of the defenses it has raised, which are legally sufficient and are not redundant, immaterial, impertinent, or scandalous. Plaintiff's Motion to Strike accordingly should be denied in all respects.

## II.   ANALYSIS AND ARGUMENT IN OPPOSITION

### A.   RULE 12(f) STANDARD

Plaintiff seeks to strike all of Resurgent's affirmative defenses, and part of its prayer for relief, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which provides that "[t]he court may strike from a pleading an insufficient defense or any *redundant, immaterial, impertinent, or scandalous matter*." Fed. R. Civ. P. 12(f) (emphasis added). Motions to strike are disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation, *Does v. Trump*, 328 F. Supp. 3d 1185, 1196 (W.D. Wash. 2018) (citation omitted), given the judicial preference for deciding matters on their merits when possible. *Cf. Patapoff v. Vollstedt's Inc.*, 267 F.2d 863, 865 (9th Cir. 1959). The decision to grant or deny a Rule 12(f) motion to strike is within the court's discretion. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (citation omitted). In considering a Rule 12(f) motion to strike, the pleading at issue must be viewed in the light most favorable to the non-moving party. *City of Tillamook Oregon v. Kennedy Jenks Consultants, Inc.*, No. 3:18-cv-02054-BR, 2019 WL 1639930, at *3 (D. Or. Apr. 16, 2019) (citations omitted).

### B.   **PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE RESURGENT'S AFFIRMATIVE DEFENSES ARE SUFFICIENT AS A MATTER OF PLEADING AND A MATTER OF LAW**

As noted above, the Court may strike an affirmative defense under Rule 12(f) *only* if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) does not support the striking of any defense here.

BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANT
RESURGENT CAPITAL SERVICES L.P.'S
AFFIRMATIVE DEFENSES – Page 2
(Case No. 2:22-cv-00720-LK)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97204
Telephone: (503) 222-1075
Facsimile : (503) 616-3600

With respect to the issue of sufficiency, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citation omitted). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (3d ed. 1998)). Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

To the extent that Plaintiff is arguing the sufficiency of Resurgent's defenses, this argument fails under Rule 12(f). Moreover, none of the other enumerated grounds to strike under Rule 12(f) applies to the affirmative defenses at issue herein. To wit:

> A matter is redundant if it is superfluous and can be omitted without a loss of meaning. *See Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005) (noting that a redundant matter is one that constitutes "needless repetition"). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). A matter is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting *Fantasy*, 984 F.2d at 1527). A matter is scandalous if it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 Moore's Federal Practice § 12.37[3] (Bender 3d ed.).

*Est. of Osborn-Vincent v. Ameriprise Fin., Inc.*, No. 3:16-cv-02305-YY, 2019 WL 764029, at *2 (D. Or. Jan. 3, 2019), *report and recommendation adopted sub nom. Est. of Osborn-Vincent v. Ameriprise Fin. Servs., Inc.*, No. 3:16-cv-02305-YY, 2019 WL 943379 (D. Or. Feb. 25, 2019). In other words, affirmative defenses which are not superfluous, irrelevant, or improperly attack the character of another party are *not* subject to a motion to strike. *Id.*

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 3
(Case No. 2:22-cv-00720-LK)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97204
Telephone: (503) 222-1075
Facsimile : (503) 616-3600

Applying these governing standards, Plaintiff's boilerplate attack on Resurgent's affirmative defenses—each of which is discussed seriatim—fails under Rule 12(f).

*As to the first affirmative defense*, standing is required in all federal cases. The FCRA requires injury in fact in order to have standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (*Spokeo I*); *cf. Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544, 546 (9th Cir. 2020) (when a plaintiff lacks standing, a Fair Debt Collection Practices Act claim should be dismissed). Article III standing consists of "(1) … an injury in fact, (2) traceable to the challenged conduct of the defendant, … (3) that is likely to be redressed through a favorable judicial decision." *Spokeo I*, 578 U.S. at 338 (citations omitted). An injury in fact must be both concrete and particularized. *Id.* at 335, 339, 340 (citations omitted). Because Article III standing requires a concrete injury even in the context of a statutory violation, "a bare procedural violation, divorced from any concrete harm," does not confer standing upon a plaintiff. *Id.* at 341 (citation omitted). Here, Plaintiff was not harmed by the alleged unauthorized credit inquiry last summer nor does he allege actual injury, concrete or otherwise, traceable to the alleged unauthorized inquiry.

In a recent consumer protection case, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the United States Supreme Court raised the bar required to show standing. In *Ramirez*, the Supreme Court held that, "even though 'Congress may "elevate" harms that "exist" in the real world before Congress recognized them to actionable legal status, *it may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is*.'" *Id.* at 2205 (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018) (citing *Spokeo I*, 578 U.S. at 341) (emphasis added)). In other words, standing requires *real* harm, which is not present here.

*As to the second affirmative defense*, Plaintiff asserts that "a separate state court action does not deprive this Court of jurisdiction" because this Court has federal question jurisdiction over the FCRA claims. *See* ECF No. 13 at 2. Plaintiff misapprehends the nature of this

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 4
(Case No. 2:22-cv-00720-LK)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

affirmative defense, which is based upon the pendency of a prior action involving the same parties, *cf. Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) (holding dismissal of second-filed action was not abuse of discretion), and is not based on the absence of federal subject matter jurisdiction.

*As to the third affirmative defense,* Plaintiff asserts that failure to state a claim "is not an affirmative defense, but rather a matter to be addressed through a Motion to Dismiss or Summary Judgment." *See* ECF No. 13 at 2. This argument is belied by the plain language of Rule 12, which provides that "a party may assert" the defense of failure to state a claim upon which relief may be granted by way of motion. *See* Fed. R. Civ. P. 12(b)(6). Rule 12 is permissive, not mandatory,[1] and the availability of offensive or defensive summary judgment relief under Rule 56 is separate from the pleading of avoidance or affirmative defenses under Rule 8. *Compare* Fed. R. Civ. P. 8(c) *with* Fed. R. Civ. P. 56(c).

*As to the fourth, fifth, and sixth affirmative defenses*, Plaintiff concedes that good faith error (the fourth affirmative defense) is a proper defense under the FCRA. *See* ECF No. 13 at 3. As for the fifth affirmative defense, Plaintiff argues facts outside the record. *See* ECF No. 13 at 3. The grounds for a motion to strike, however, must appear on the face of the pleading under attack and matters outside the pleading are not considered on a motion to strike. *Transamerica Life Ins. Co. v. Rabadi*, No. CV 15-07623-RSWL-Ex, 2016 WL 7444912, at *1 & n.1 (C.D. Cal. Mar. 31, 2016) (citations omitted). With regard to the fifth affirmative defense, failure to mitigate damages is an affirmative defense available in any appropriate tort case. *See* 9th Cir. Model Jury Instruction, 5.3 Damages—Mitigation ("The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.").

---

[1] The uscourts.gov website provides a form answer and affirmative defenses for pro se litigants such as Plaintiff, which includes failure to state a claim as the sixth defense in the "Presenting Defenses to the Claims for Relief" section of the form answer and affirmative defenses. *See* Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint form, found at https://www.uscourts.gov/sites/default/files/the_defendants_answer_to_the_complaint.pdf (last visited June 19, 2023).

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 5
(Case No. 2:22-cv-00720-LK)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

Plaintiff posits that these three defenses should be stricken because Resurgent has not met its burden as to one and the other two somehow are speculative, appear to be based on inadmissible hearsay, and Plaintiff took all appropriate steps to remedy. *See* ECF No. 13 at 3. These arguments go to the merits of the defenses and the sufficiency of proof thereof, rather than to the availability of the defenses, and do not in and of themselves require that the defenses be stricken pursuant to Fed. R. Civ. P. 12(f). Because the sufficiency of each of these defenses depends on disputed issues of fact, a motion to strike pursuant to Rule 12(f) is not appropriate. *See Whittlestone, Inc.*, 618 F.3d at 973 (courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike).

*As for the seventh, eighth, and ninth affirmative defenses*, Plaintiff seeks to strike defenses available and typically alleged in any appropriate civil case. In Plaintiff's view, the defenses are legal conclusions based on hearsay rather than direct evidence. *See* ECF No. 13 at 4. Again, these are not appropriate reasons to strike the defenses at this stage of the proceedings. *Whittlestone, Inc.*, 618 F.3d at 973.

*As for the tenth affirmative defense*, Plaintiff once again goes outside the four corners of Resurgent's pleading (and his own pleading) to argue that the credit report was not obtained for a proper purpose and that Plaintiff "actively attempted to resolve the issue through appropriate channels." *See* ECF No. 13 at 4. Plaintiff is improperly looking to matters outside the pleadings and denying the defense on the merits. The issue before the Court under Rule 12(f), however, is whether the defense is insufficient, redundant, immaterial, impertinent, or scandalous. It is not.

*As for the eleventh affirmative defense*, Plaintiff challenges this defense (regarding the sufficiency of the facts pleaded to state a cause of action against Resurgent) because, in Plaintiff's view, "[t]his assertion is incorrect." *See* ECF No. 13 at 5. The fact that Plaintiff disputes the defense, or deems it incorrect, does not make the defense insufficient, redundant, immaterial, impertinent, or scandalous for purposes of Rule 12(f).

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 6 (Case No. 2:22-cv-00720-LK)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

*As for the twelfth affirmative defense*, Plaintiff complains that it "fails to provide enough specific facts" to support the defense that his alleged damages resulted from the actions or omissions of others. *See* ECF No. 13 at 5. "The key to determining the sufficiency of pleading and affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citations omitted). In this case, Plaintiff himself has sued another party and has fair notice of this defense.

A*s for the thirteenth affirmative defense*, Plaintiff "disagrees with" what Resurgent asserts, unironically characterizing his unadorned pleading as "meticulously" setting forth the specifics of alleged unauthorized access to his credit report. *See* ECF No. 13 at 5. Plaintiff's disagreement with the defense is not grounds to strike it pursuant to Rule 12(f), however.

*As for the prayer for relief,* Plaintiff asks the Court to strike the request for attorney's fees and costs because Resurgent has not pointed to "specific statutory or contractual authority" allowing recovery of fees and costs. *See* ECF No. 13 at 5. With respect to fees, the FCRA provides for the recovery of reasonable attorney's fees by the prevailing party in relation to the work expended in responding to an unsuccessful pleading, motion, or other paper filed in bad faith or for purposes of harassment. *See* 15 U.S.C. § 1681n(c); Fed. R. Civ. P. 54(d)(2). With respect to costs, the "prevailing party" is entitled to certain taxable costs of litigation after final judgment. *See* Fed. R. Civ. P. 54(d)(1). Costs that may be imposed on the losing party are set forth in 28 U.S.C. §§ 1821, 1827, 1828, and 1920-23. In any event, Plaintiff's attempt to strike the request for relief is not proper under Rule 12(f). *Cf. Whittlestone, Inc.*, 618 F.3d at 974-75 & n.2 (improper to strike claim for damages on grounds such relief is precluded as a matter of law).

The bottom line is that the arguments made in Plaintiff's Motion to Strike, such as they are, do not require that any defense or part of the prayer for relief be stricken pursuant to Rule 12(f). A motion to strike is not a substitute for a motion for summary judgment or a motion for judgment on the pleadings. "Were [this Court] to ... read Rule 12(f) in a manner that allowed

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 7 (Case No. 2:22-cv-00720-LK)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

litigants to use it as a means to dismiss some or all of a pleading ..., [it] would be creating redundancies within the Federal Rules of Civil Procedure, because ... a motion for summary judgment at a later stage in the proceedings ... already serves such a purpose." *McBurney v. Lowe's Home Centers, LLC*, No. 1:13-cv-00540-ELJ-CWD, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014) (quoting *Whittlestone*, 618 F.3d at 974). Plaintiff in this case seeks relief outside the ambit of Rule 12(f). Such relief is more properly addressed, if at all, at other junctures in the proceeding. As a consequence, Plaintiff's Motion to Strike should be denied in toto.

### III.   CONCLUSION

For the foregoing reasons, Defendant Resurgent respectfully requests the Court deny Plaintiff's Motion to Strike in all respects.

Dated: June 27, 2023.　　　　　　　　GORDON REES SCULLY MANSUKHANI

By: *s/ W/ Gregory Lockwood*
W. Gregory Lockwood, WSBA No. 52232
wglockwood@grsm.com
*Attorneys for Defendant Resurgent Capital Services, L.P.*

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S AFFIRMATIVE DEFENSES – Page 8
(Case No. 2:22-cv-00720-LK)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600