UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER C. JOHNSON, | CASE NO. C23-5394 BHS |
| Plaintiff, | ORDER |
| v. | |
| RESURGENT CAPITAL SERVICES LP, et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se plaintiff Christopher Johnson's interim Federal Rule of Civil Procedure 12(f) motion to strike defendant Resurgent Capital's affirmative defenses, Dkt. 13, and his similar motion to strike defendant Experian's affirmative defenses, Dkt. 18.

The case involves Johnson's claim that Defendants violated the Fair Debt Reporting Act, 15 U.S.C. § 1681b(f), by conducting unauthorized inquiries into his credit. Dkt. 1. Resurgent's answer, Dkt. 11, and Experian's answer, Dkt. 15, asserted affirmative defenses, presumably to preserve them under Rule 12(b).

ORDER - 1

1    Johnson asks the Court to strike these affirmative defenses, arguing that they do
2    not apply or that Defendants cannot prove them. But the latter argument is for a motion
3    for summary judgment, not a motion to strike under Rule 12(f).
4    Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a
5    pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
6    matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and
7    money that must arise from litigating spurious issues by dispensing with those issues
8    prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)
9    (citation and quotation omitted). Rule 12(f) motions are generally "disfavored" because
10   they are "often used as delaying tactics, and because of the limited importance of
11   pleadings in federal practice." SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE § 9:375
12   (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

13   There is nothing redundant, immaterial, impertinent, or scandalous about asserting
14   in an answer that the plaintiff has failed to state a claim, or does not have standing. There
15   is no reason to strike defendants' "good faith error" or other affirmative defenses at this
16   stage. As always, the defendant will carry the burden of proof on these affirmative
17   defenses, just as Johnson carries the burden of proof on his claims.
18   The Motions to Strike, Dkts. 13 and 18, are **DENIED**.
19   **IT IS SO ORDERED**.
20   //
21   //
22   //

1   Dated this 13th day of July, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3